UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CORY A. BROWN,

        Plaintiff,

        v.                                  Case No. 22-cv-1534-bhl

PATRICK MURPHY,
JAKE BRICKNER,
MICHAEL MILNER,
D. PROEHL,
C. SWARTOUT,
S. HARDEL,
M. TISCHAUSER,
JULIE LUDWIG,
A. MAYLE,
LONNA STRUEBER,
CHERYL EPLETT, and
NATHAN PASCHKE,

        Defendants.

# SCREENING ORDER

Plaintiff Cory Brown, a former state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Oshkosh Correctional Institution. This matter comes before the Court on Brown's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

## MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Brown was a prisoner when he filed his complaint. Brown has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Brown has

filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $5.50. Brown's motion for leave to proceed without prepaying the filing fee will be granted.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain

2

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Brown explains that, on September 22, 2022, while he was at Oshkosh Correctional Institution, he felt a pop in his knee, followed by excruciating pain and an inability to bend his knee. A couple of days later he was seen by Defendant Nurse Jake Brickner, who gave him an ace bandage and placed him on the list to see a doctor. Brown asserts that Brickner did not give him anything for his pain. Dkt. No. 1 at 4.

A few days later, on September 26, 2022, Brown's knee buckled, and he fell. He was taken to health services and examined by Defendant Nurse Michael Milner who ordered a low-bunk and low-tier restriction. Milner also advised Brown to use a wheelchair for long distances and prescribed ibuprofen for Brown's pain. Brown asserts that Milner informed him he was on the waiting list to see the doctor. Dkt. No. 1 at 4.

Brown states that, the next day, on September 27, 2022, he was in severe pain, so he was taken to health services where he was examined by Defendant Dr. Patrick Murphy. Dr. Murphy observed that Brown was able to bend his knee without difficulty but complained of pain when the leg was straightened. He noted that Brown should continue with crutches and a wheelchair for distance until he was able to bear weight on his leg. He also explained that, because Brown was set to be released within three months, it was unlikely that an MRI and surgery could occur before his release. Dkt. No. 1 at 5.

3

On September 29, 2022, Brown complained of pain extending from his knee to his calf and requested an x-ray. Defendant Nurse D. Proehl responded to Brown, informing him that he had been seen by a provider and was scheduled with physical therapy. An x-ray was taken a few days later, on October 3, 2022. According to Brown the x-ray revealed "an intra-articular loose body part." About a week later, Brown again complained of his knee and was informed by Defendant Nurse C. Swartout that he was scheduled to see the doctor. A week after that, on October 19, 2022, he was seen by Dr. Murphy on issues unrelated to his knee. After Brown complained about his knee pain, Dr. Murphy again told Brown there was not enough time on his sentence to get an MRI, and any surgery would be elective and not approved prior to his release. Dr. Murphy also observed that although he intended Brown to see physical therapy, the order had not been placed, so he placed the order. Dkt. No. 1 at 5.

A couple days later, Brown was seen by Defendant Nurse Hardel who informed him that Dr. Murphy confirmed that the x-ray had revealed a loose floater but he was unsure whether it was bone or cartilage. On October 27, 2022, Defendant Nurse Maggie Tischauser examined Brown and observed that he was in pain, but she did not prescribe anything different than what he was already taking. That same day, Brown wrote a letter to Defendant Health Services Manager Julie Ludwig about his injury and pain, but she did not respond. Brown asserts that, on November 10, 2022, health services staff advised him that he could deal with his pain and injury after his release. The next day, Defendant Lonna Stueber assessed Brown's knee. Brown states that she confirmed there was something wrong with his knee and told him there was not much she could do other than ask his provider for pain medication. He asserts that she gave him ibuprofen and some Aspercreme. According to Brown he wrote to Ludwig that same day and again on November 17, 2022, complaining about the lack of treatment. On November 17, 2022, Brown received a

4

response from Nurse Proehl informing him that he had been seen and was scheduled with physical therapy and advising him to file an inmate complaint if he wanted. Dkt. No. 1 at 6.

Brown asserts that he wrote to Dr. Murphy on November 21, 2022 about his continued pain and inability to fully straighten or bend his knee. He states that Dr. Murphy did not respond. Brown then wrote to Defendant Warden Cheryl Eplett on November 29, 2022, who responded that Ludwig had been consulted and that she confirmed that he had been seen multiple times by nurses and providers. Eplett also sent a note to the physical therapist to see if he could be prioritized and seen before his release. Brown asserts that he was seen on December 5, 2022 by the physical therapist, who advised Brown that it seemed he had torn his meniscus. The physical therapist advised him to get an MRI when he is released. Brown asserts that he saw Dr. Murphy for the last time on December 14, 2022, at which time he advised Brown to see a specialist once he is released. According to the DOC inmate locator website, Brown was released on December 26, 2022.

### THE COURT'S ANALYSIS

To state a claim under the Eighth Amendment, a plaintiff must allege that prison officials intentionally disregarded a known, objectively serious medical condition that posed an excessive risk to the plaintiff's health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). A delay in treatment may show deliberate indifference; however, it is not enough simply to point to a delay. The Court must consider how serious the prisoner's condition was, how easy it would have been to treat it, and whether the delay exacerbated an injury or unnecessarily prolonged pain. *Petties v. Carter*, 836 F.3d 722, 730–31 (7th Cir. 2016).

Brown may proceed on deliberate indifference claims against Nurse Brickner, Dr. Murphy, and Nurse Tischauser based on his allegations that they did not address his complaints of severe knee pain and/or persisted with pain medication that he informed them was ineffective to address

his pain. Brown may also proceed on a deliberate indifference claim against Ludwig based on allegations that, despite him writing her multiple times about her staff's failure to address his pain, she never responded to him or followed up with her staff regarding their failures to address his pain. Brown similarly alleges enough to proceed against Dr. Murphy based on his alleged refusal to order an MRI or surgery prior to Brown's release. While Brown apparently had about three months left on his sentence when he injured his knee, the propriety of any treatment regimen, and whether it could be deferred, is an issue that cannot be resolved at the pleading stage.

Brown fails, however, to state deliberate indifference claims against Nurses Milner and Strueber. Milner allegedly gave Brown lower bunk and tier restrictions, authorized the use of a wheelchair, and prescribed ibuprofen for his pain, and Strueber gave him ibuprofen and Aspercreme and directed him to ask his doctor for stronger pain medication. Their attention to Brown's injury and efforts to assist him and relieve his pain within the limits of their prescribing authority do not reasonably support an inference that they were deliberately indifferent to his condition.

Brown also fails to state a claim against Nurses Proehl, Hardel, and Swartout. All three provided him with information in response to his health services requests. The Court cannot reasonably infer from Brown's allegations that these nurses were responsible for his care; they merely provided him with information about upcoming appointments, his condition, the results of his x-ray, and the treatment plan prescribed by his provider. As the Seventh Circuit has explained, "there is no general duty of rescue" under §1983, and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Brown also fails to state a claim against Nathan Paschke and A. Mayle because the complaint does not contain allegations about what they allegedly did or did not do to violate Brown's rights.

6

Finally, Brown does not state a claim against Warden Eplett. Non-medical officials are entitled to "rely on the expertise of medical personnel" and "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (citing *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)). It is only when a nonmedical official entirely ignores an inmate's complaints or has sufficient notice of "an excessive risk to inmate health or safety" that he may be found deliberately indifferent for not taking action. *Id*. (quoting *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)). Eplett did not ignore Brown. She responded to his letter informing him that she had consulted with Ludwig who confirmed that Brown was being regularly seen by a doctor and nurses, and she was involved in requesting that the physical therapist prioritize seeing Brown. Accordingly, the Court cannot reasonably infer that she was deliberately indifferent to Brown's condition.

On February 6, 2023, Brown filed a motion seeking leave to supplement his complaint with evidence showing that he exhausted the available administrative remedies before he filed his lawsuit. The Court will deny the motion as unnecessary. "[F]ailure to exhaust is an affirmative defense under the PLRA, [so] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Brown's motion to supplement his complaint (Dkt. No. 10) is **DENIED as unnecessary**.

7

Case 2:22-cv-01534-BHL Filed 02/13/23 Page 7 of 9 Document 11

**IT IS FURTHER ORDERED** that Michael Milner, D. Proehl, C. Swartout, S. Hardel, A. Mayle, Lonna Strueber, Cheryl Eplett, and Nathan Paschke, are **DISMISSED** from this action because the complaint fails to state a claim against them upon which relief can be granted.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Brown's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Patrick Murphy, Jake Brickner, M. Tischauser, and Julie Ludwig.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Patrick Murphy, Jake Brickner, M. Tischauser, and Julie Ludwig shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that Brown must pay the $344.50 remainder of the filing fee over time as he is able. He should mark his payments with the case name and number and mail them to the Office of the Clerk at the below address.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Brown must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Brown is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties, including dismissal of this action. Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Brown may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on February 13, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge